**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-1322**

---

UNITED STATES OF AMERICA ex rel. KAREN T. WILSON,

        Plaintiff - Appellant,

        v.

GRAHAM COUNTY SOIL & WATER CONSERVATION DISTRICT; CHEROKEE COUNTY SOIL & WATER CONSERVATION DISTRICT; RICHARD GREENE, in his individual capacity; WILLIAM TIMPSON, in his individual capacity; KEITH ORR, in his individual and official capacities; RAYMOND WILLIAMS, in his individual capacity; DALE WIGGINS, in his individual capacity; GERALD PHILLIPS, in his individual capacity; ALLEN DEHART, in his individual capacity; LLOYD MILLSAPS; JERRY WILLIAMS, in his individual capacity; BILLY BROWN, in his individual capacity; LYNN CODY, in his individual capacity; BILL TIPTON; C. B. NEWTON, in his individual capacity; EDDIE WOOD, in his individual capacity; GRAHAM COUNTY,

        Defendants – Appellees,

        and

GRAHAM COUNTY BOARD OF COUNTY COMMISSIONERS; CHEROKEE COUNTY BOARD OF COUNTY COMMISSIONERS; CHERIE GREENE; RICKY STILES; BETTY JEAN ORR; JOYCE LANE; JIMMY ORR; EUGENE MORROW; CHARLES LANE; CHARLES LANEY; GEORGE POSTELL; LLOYD KISSLEBURG; TED ORR; BERNICE ORR; JOHN DOE, JR.; JOHN DOE CORPORATION; GOVERNMENTAL ENTITIES, 1-99,

        Defendants.

---

On Remand from the Supreme Court of the United States.
(S. Ct. No. 08-304)

---

Submitted: May 24, 2010              Decided: October 1, 2010

---

Before TRAXLER, Chief Judge, and MOTZ and DUNCAN, Circuit Judges.

---

Remanded with instructions by unpublished per curiam opinion.

---

**ARGUED:** Mark Tucker Hurt, Abingdon, Virginia, for United States of America ex rel. Karen T. Wilson. Christopher G. Browning, Jr., Solicitor General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina; Zeyland G. McKinney, Jr., Robbinsville, North Carolina, for Graham County Soil & Water Conservation District, Cherokee County Soil & Water Conservation District, Richard Greene, in his individual capacity, William Timpson, in his individual capacity, Keith Orr, in his individual and official capacities, Raymond Williams, in his individual capacity, Dale Wiggins, in his individual capacity, Gerald Phillips, in his individual capacity, Allen Dehart in his individual capacity, Lloyd Millsaps, Jerry Williams, in his individual capacity, Billy Brown, in his individual capacity, Lynn Cody, in his individual capacity, Bill Tipton, C. B. Newton, in his individual capacity, Eddie Wood, in his individual capacity, Graham County. **ON BRIEF:** Roy Cooper, Attorney General, Raleigh, North Carolina, for Graham County Soil & Water Conservation District, Gerald Phillips, Allen Dehart, Lloyd Millsaps, Cherokee County Soil & Water Conservation District, Bill Tipton, C. B. Newton and Eddie Wood; Sean F. Perrin, WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Charlotte, North Carolina, for Graham County, Raymond Williams, Dale Wiggins and Lynn Cody; Roy Patton, Canton, North Carolina, for Richard Green and Billy Brown.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before us after a remand from the Supreme Court. In a previous opinion, we concluded that the public-disclosure bar of the False Claims Act, see 31 U.S.C.A. § 3730(e)(4) (West 2003),[*] "applies to federal administrative audits, reports, hearings or investigations, but not to those conducted or issued by a state or local governmental entity." United States ex rel. Wilson v. Graham County Soil & Water Cons. Dist., 528 F.3d 292, 296 (4th Cir. 2008). We therefore reversed the decision of the district court and remanded for consideration of certain specified issues. The Supreme Court granted certiorari and reversed, concluding that the public-disclosure bar is not limited to federal reports and audits, but also applies to reports, audits, and the like conducted or issued by state and local governments. See Graham County Soil & Water Cons. Dist. v. United States ex rel. Wilson, 130 S. Ct. 1396, 1400 (2010). The Supreme Court's opinion, of course, establishes the scope of the public-disclosure bar. The Court's opinion, however, does not affect our previously expressed view

---

[*]     Although § 3730(e)(4) was amended effective March 23, 2010, the amendments are not retroactive. See Graham County Soil & Water Cons. Dist. v. United States ex rel. Wilson, 130 S. Ct. 1396, 1400 n.1 (2010).

3

that a remand to the district court is required before we can consider the substance of Wilson's claims.

As is relevant to this case, the public-disclosure bar strips courts of jurisdiction over FCA actions that are "based upon the public disclosure of allegations or transactions . . . in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation." 31 U.S.C.A. § 3730(e)(4)(A); see Rockwell Int'l Corp. v. United States, 549 U.S. 457, 468-69 (2007) (explaining that § 3730(e)(4)(A) deprives courts of subject-matter jurisdiction over FCA claims that fall within the scope of the public disclosure bar). As noted in our prior opinion, the district court did not make the necessary factual findings to establish that Wilson's claims were "based upon" any of the reports at issue in this case. See 31 U.S.C.A. § 3730(e)(4)(A) (West 2003). The district court likewise failed to make the requisite findings to establish that the reports at issue were in fact publicly disclosed. See, e.g., United States ex rel. Ramseyer v. Century Healthcare Corp., 90 F.3d 1514, 1521 (10th Cir. 1996) ("The mere possession by a person or an entity of information pertaining to fraud, obtained through an independent investigation and not disclosed to others, does not amount to 'public disclosure.' Rather, public disclosure occurs only when the allegations or fraudulent transactions are affirmatively provided to others not previously

4

informed thereof."). Given the jurisdictional nature of the public-disclosure bar, these subsidiary issues must be resolved before we can proceed to consider the merits of the Wilson's FCA claims.

Accordingly, we must remand the case to give the district court the opportunity to make the necessary factual determinations as to whether the relevant federal, state, or local governmental audits, reports, hearings, or investigations were publicly disclosed and whether the claims Wilson asserts in this action were derived from any such public disclosures. If the court determines that any of the relevant reports were publicly disclosed and that any of Wilson's claims were derived from those public disclosures, the court should then reconsider whether Wilson qualifies as an original source for any of those claims.

As we noted in our prior opinion, the district court must consider and address these jurisdictional questions on a claim-by-claim basis. See Rockwell, 549 U.S. at 476 (2007); United States ex rel. Boothe v. Sun Healthcare Group, Inc., 496 F.3d 1169, 1177 (10th Cir. 2007). If the district court determines that it has subject matter jurisdiction over any of Wilson's claims, it may then proceed to consider the merits of the claims over which it has jurisdiction.

5

On remand, the district court shall permit the parties to submit additional evidence as may be necessary for the court to make the factual determinations upon which the jurisdictional questions turn. If the district court again concludes that the public-disclosure bar applies and deprives the court of subject matter jurisdiction over Wilson's claims, the court should not consider the merits of her claims. However, if the district court concludes that it has jurisdiction over some or all of Wilson's claims, the court may then consider the merits of the claims over which it has jurisdiction. If the district court rejects Wilson's claims on jurisdictional grounds or on the merits, it should again consider the defendants' requests for attorneys' fees. Nothing in our mandate should be understood as precluding the district court from considering the merits of Wilson's claims anew or, if the court deems it appropriate, permitting the parties to submit additional evidence or argument supporting their claims.

REMANDED WITH INSTRUCTIONS